IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,978






EX PARTE WALTER MCCULLOUGH, III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM DALLAS COUNTY



 

 Per Curiam. Meyers, J., not participating.


 O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of forgery in 2002 and was sentenced to three years confinement. Applicant did not perfect
an appeal.

 The present application for writ of habeas corpus was filed and set for submission to
determine whether Applicant is entitled to consideration for release on mandatory
supervision under Section 508.149 of the Texas Government Code, the discretionary
mandatory supervision statute, not withstanding his prior conviction in 1988 for burglary of
a habitation in the first-degree. 

 The parties briefed this issue. Both the State and applicant noted that the official writ
file did not contain all of the evidence, documents, or other materials necessary to completely
resolve this issue. The State asserted that applicant had multiple prior convictions for
burglary, while applicant asserted that there was insufficient evidence in the writ record to
establish that he had any prior burglary convictions. Because this was an unresolved factual
dispute which could only be addressed by further fact finding in the trial court, we remanded
the case to the convicting court to allow the parties to submit further information and
materials to resolve that factual issue. 

 On remand, William W. Seigman, Director of the Review and Release Processing
Section of the Texas Department of Criminal Justice, Parole Division, submitted a sworn
affidavit. That affidavit included the information that applicant had been released on parole
on November 19, 2004, with a maximum discharge date of April 11, 2005. Based upon this
affidavit, we conclude that applicant's possible eligibility for release on mandatory
supervision is now a moot issue. 

 We, therefore, dismiss the present habeas corpus application.


Delivered: April 6, 2005

DO NOT PUBLISH